In the Matter of STEPHEN P. O'REILLY et al., Respondents, against JACOB GRUMET, as Commissioner of the Fire Department of the City of New York, Appellant.

Argued February 23, 1955; decided April 14, 1955.

352

*Peter Campbell Brown, Corporation Counsel (Victor J. Herwitz* and *Seymour B. Quel* of counsel), for appellant. I. The fire commissioner's action in temporarily assigning petitioners to perform the duties of acting battalion chiefs was in strict accordance with the authority vested in him by the charter, the Administrative Code and the rules and regulations of the fire department. Thus, he did not act arbitrarily, capriciously or unreasonably. (*Matter of Calfapietra* v. *Walsh,* 183 Misc. 6, 269 App. Div. 734, 294 N. Y. 867; *People ex rel. Rogers* v. *Tinney,* 184 App. Div. 748; *Acorn Employment Service* v. *Moss,* 261 App. Div. 178; *Matter of Apel* v. *Moss,* 256 App. Div. 607; *Matter of Friedman* v. *Valentine,* 177 Misc. 437, 266 App. Div. 561; *Fawcus Mach. Co.* v. *United States,* 282 U. S. 375; *Chicago, R. I. & P. Ry. Co.* v. *United States,* 284 U. S. 80; *People ex rel. Clapp* v. *Listman,* 40 Misc. 372, 84 App. Div. 633; *Matter of Walsh* v. *La Guardia,* 269 N. Y. 437.) II. Petitioners' temporary assignments without tenure or salary increases are not appointments or promotions within the meaning of the Civil Service Law. (*People ex rel. Campbell* v. *Partridge,* 89 App. Div. 497; *Matter of Williams* v. *Morton,* 297 N. Y. 328.) III. The injunctive relief granted in the order appealed from is not properly obtainable in an article 78 proceeding. (*Dairy Sealed* v. *Ten Eyck,* 248 App. Div. 352; *Matter of Bonacker* v. *Chuckrow,* 166 Misc. 171; *Lewis* v. *Mandeville,* 201 Misc. 120;

*J. D. L. Corp.* v. *Bruckman,* 171 Misc. 3; *People ex rel. Schwab* v. *Grant,* 126 N. Y. 473; *McBride* v. *City of New York,* 56 App. Div. 520.)

*Murray A. Gordon, Daniel Jacobson* and *Bernard Jacobson* for respondents. I. The filling of vacancies in the position of battalion chief by means of '' temporary designations '', which are in effect permanent appointments thereto but without the grade or salary of the position of battalion chief, is in violation of the applicable Civil Service Law and policy and therefore willful, arbitrary and unlawful. (*Calfapietra* v. *Walsh,* 183 Misc. 6, 269 App. Div. 734, 294 N. Y. 867; *Matter of Hilsenrad* v. *Miller,* 284 N. Y. 445; *Matter of Graae* v. *Ahern,* 258 App. Div. 686; *Matter of Berger* v. *Walsh,* 266 App. Div. 592, 291 N. Y. 220; *McBride* v. *City of New York,* 56 App. Div. 520; *Gallagher* v. *City of New York,* 115 App. Div. 662; *Matter of Jaffe* v. *Board of Educ. of City of N. Y.,* 265 N. Y. 160; *Matter of Frankle* v. *Board of Educ. of City of N. Y.,* 173 Misc. 1050, 259 App. Div. 1006, 285 N. Y. 541; *Matter of Sokolove* v. *Board of Educ. of City of N. Y.,* 176 Misc. 1016; *Matter of Davis* v. *Board of Educ. of City of N. Y.,* 263 App. Div. 369, 288 N. Y. 330; *Matter of Jacobson* v. *Board of Educ. of City of N. Y.,* 177 Misc. 809, 265 App. Div. 837; *Matter of Vanderwoude,* 50 N. Y. St. Dept. Rep. 199; *Matter of Dillon,* 53 N. Y. St. Dept. Rep. 111; *Matter of Kearns,* 53 N. Y. St. Dept. Rep. 117; *Leitner* v. *Conway,* 195 Misc. 621.) II. The relief here sought is appropriate. (*Thomson* v. *Board of Educ. of City of N. Y.,* 201 N. Y. 457; *Hoefling* v. *Board of Educ. of City of N. Y.,* 120 App. Div. 545; *Dairy Sealed* v. *Ten Eyck,* 248 App. Div. 352; *Matter of Wittekind* v. *Kern,* 170 Misc. 939, 256 App. Div. 918, 281 N. Y. 701; *Matter of Requa* v. *White,* 170 Misc. 29.)

DESMOND, J. In this article 78 proceeding the relief prayed for was denied at Special Term but petitioners appealed to the Appellate Division, First Department, which reversed and granted the prayer of the petition. Petitioners are captains in the fire department of the city of New York, suing on their own behalf and on behalf of others similarly situated. Each petitioner, as the result of a competitive civil service examination, has a place on the current eligible list for appointment as battalion chief, which is the rank next above captain in the fire

department. However, petitioners are not, in this proceeding, seeking to compel their appointments as battalion chiefs, but are asking that an end be put to the admitted practice of the fire commissioner in assigning fire captains for long periods of time to duty as battalion chiefs without appointments as battalion chiefs and, of course, without the salary for that higher grade. Admittedly, this all comes about because the city's budget director, not a party to this proceeding, has, presumably for reasons of economy, refused to issue the budget certificates necessary to authorize the fire commissioner to appoint eligibles as battalion chiefs, and such appointments cannot be made without such budgetary arrangements (*Matter of Ross* v. *La Guardia*, 287 N. Y. 28).

This proceeding was commenced in September, 1953, and up to that time the several petitioners had acted, under this challenged arrangement, as battalion chiefs for periods ranging from 57 days (petitioner Royer), to 343 days in 1952 and 1953 (petitioner Drescher) and 332 days in 1952 and 1953 (petitioner McKenna). Actually, it is conceded that petitioner O'Reilly, who became a fire captain on January 1, 1949, has ever since been serving practically full time in a so-called " temporary " designation as an acting battalion chief. The Appellate Division majority, therefore, was justified in its statement that: " The designations of petitioners and others similarly situated were frequent and recurrent, and harden to a pattern for permanently filling the positions of battalion chief ". Indeed, as is undisputed on this record, that " pattern " is itself part of a larger one since it appears that it all starts with a refusal of the budget director to authorize an adequate number of appointments to the position of deputy chief, the third highest in the department, with the result that for a considerable period it has become the routine practice of the fire commissioner to assign about 23 battalion chiefs as acting deputy chiefs, about 47 captains (like petitioners) as acting battalion chiefs, and, presumably, a number of lieutenants as acting captains. Facetiously, it might be said that the complete fruition of this plan would make it possible, when there is a vacancy in the position of chief of the fire department, to take care of the matter by appointing one new fireman of the lowest rank and then stepping up one man in each grade along the line. It is conceded that appellant,

who was fire commissioner during the periods here in question, was acting in good faith and carried out this elaborate scheme only because the budget director refused to sign certificates. It is easy to see, however, that in other hands this device might be used for various improper purposes.

The Special Term memorandum opinion concluded that, since it was the fire commissioner's responsibility to furnish fire protection with such personnel as was available, he had power to make the challenged designations, and that, under the circumstances, the exercise of such power could not be said to be arbitrary or capricious. The dissent at the Appellate Division took somewhat the same line. However, the majority opinion in the latter court, with which we agree, is a most persuasive one. It was conceded on all sides that, under section 3.1.14 of the Regulations for the Uniformed Force of the fire department, the fire commissioner has power to designate members of any rank to perform, temporarily and in emergencies, the duties of the next higher rank, but it is clear that the designations here litigated were not temporary or emergency in character. It appears that the budget director himself has approved a quota of 202 battalion chiefs, that to have 202 on duty at all times requires quite a few more people holding that grade to make up for days off, vacations, sick leaves, etc., and that there are presently only 198 persons holding permanent appointments in the grade so that, as presently set up, there is a continuous need for a large number of these " temporary " designations as acting battalion chief. There is a good deal of refined argument in the briefs as to whether there are any " vacancies " in the position of battalion chief, the city contending that no such vacancies exist since no such position can be legally filled without the issuance of a budget certificate. We think that argument misses the point. The question is whether the rights of these petitioners are being violated in that, under pain of disciplinary action if they refuse (see Regulations for the Uniformed Force, § 35.3.1), they are being compelled, recurrently and for long periods of time unrelated to any temporary emergency, to perform, without increase in pay and without permanent appointment, the duties of a higher grade for which they have proven their eligibility. It may be that there is no specific statute which, in so many words, invalidates this procedure, but the practice

itself is totally inconsistent with, and subversive of, the whole theory of competitive civil service.

The Appellate Division order was, in part, in these terms:

" ORDERED that the continuous and recurrent designation by respondent of petitioners and all others similarly situated to perform the duties of Battalion Chief in the Fire Department of the City of New York, be and the same hereby is adjudged and declared to be unlawful; and it is further

" ORDERED that the respondent and his successor, and his agents, servants, officers, and/or employees, be and they hereby are directed to refrain from continuing to make, and are restrained, enjoined and prohibited from making such continuous and recurrent designations for extended periods of time of petitioners and all others similarly situated to perform the duties of Battalion Chief in the Fire Department of the City of New York."

In passing, we remark that we do not see how that could have been made any more specific.

It is unnecessary to call attention to the constitutional (N. Y. Const., art. V, § 6) and statutory (Civil Service Law, § 14) requirements that appointments and promotions in the civil service of the cities of this State shall be made according to merit and fitness ascertained, so far as is practicable, by competitive examinations. Subdivision 1 of section 15 of the Civil Service Law provides for provisional appointments when there is no eligible list available, but limits the duration of such provisional appointments to six months and/or not more than twenty days after the promulgation of an appropriate eligible list, with the further provision that the six-month period may, with the approval of the State Civil Service Commission, be extended not more than three months and that successive provisional appointments shall not be made to the same position. The same statute permits temporary appointments, when important and urgent, of civil service list eligibles for not more than thirty days, except that temporary appointments in the place of a person absent on leave may be made for not more than a year, or for not more than six months when the position itself will not continue in existence for more than that period, and here, again, it is stipulated that there may not be successive temporary appointments to the same position. The spirit of all that is

that, except in special and strictly limited circumstances, temporary appointments are banned by the Civil Service Law. Here, as it seems to us, the New York City authorities have taken it upon themselves to create a new exception whereby, whenever the budget director refuses, arbitrarily or not, to issue appropriate budget certificates, positions in a fixed grade, for which an eligible list is available, are filled routinely, for long periods of time, or forever, by so-called temporary appointments. In *Matter of Jaffe* v. *Board of Educ. of City of N. Y.* (265 N. Y. 160), this court dealt with a practice whereby the New York City board of education was regularly employing substitute teachers on a so-called temporary basis without making appointments from eligible lists. Petitioners in that case, it must be noted, were seeking not the limited relief obtained by petitioners here, but were trying to force the board of education to appoint them to permanent jobs. This court, while holding the board's practice to be illegal, found it impossible to mandate the board of education to appoint those particular petitioners to permanent positions, since the making of a choice from eligible lists is for the board, not the courts. The opinions in the *Jaffe* case (*supra*) make it clear that the practice employed in the present case is illegal. We are cited to *People ex rel. Lodholz* v. *Knox* (58 App. Div. 541, affd. 167 N. Y. 620) and *Matter of Williams* v. *Morton* (297 N. Y. 328). The pertinence of the *Lodholz* case (*supra*) is rather remote. However, the quite recent case of *Williams* (*supra*), while distinguishable as to its precise facts, is certainly important in that this court, while remitting the case to Special Term for further consistent proceedings, stated (p. 334) that the board of education " should be enjoined from assigning the duties of that position to anyone except a person appointed thereto from an eligible list established through a competitive examination conducted pursuant to the Civil Service Law ".

The answers of the city to the foregoing are two. The first argument proceeds entirely from the assumption that these are " temporary " designations. We think that flies in the face of the conceded facts since it has plainly become routine in the fire department to keep a certain percentage of the battalion chief jobs filled in this manner, as well as a similar number of positions in the captain grade. The city argues next that, since these designations are neither appointments nor promotions, they are

not within the precise rules of the Civil Service Law. However that may be, such arrangements are, impliedly at least, forbidden by section 15 of the Civil Service Law (*supra*) which seems to list all the situations in which jobs in a certain grade may be filled otherwise than from an appropriate list and, certainly, none of the exceptions in section 15 are applicable here or applicable for any such periods as are involved here.

In its last point the city argues in a highly techncial manner that the order appealed from is invalid because it contains an injunction and, according to the city, injunctive relief cannot be obtained in an article 78 proceeding. The several cases cited by the city contain no such sweeping holding but mean only, as we read them, that for certain types of permanent injunctions an action must be brought. Since article 78 proceedings are appropriate to require a public officer to do his duty, they are equally appropriate here.

The order should be affirmed, with costs.

CONWAY, Ch. J., DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur; BURKE, J., taking no part.

Order affirmed.