(June 26, 1956)

■ In the Matter of MICHAEL J. CLIFFORD et al., Respondents, against POLICE COMMISSIONER OF THE CITY OF NEW YORK, Appellant.

FRANK, J. (dissenting). This is an appeal by the police commissioner of the City of New York from an order permanently enjoining him from assigning police lieutenants designated as acting captains to perform certain specified duties without permanent civil service appointment as captains.

When the matter was first presented at Special Term, an order was entered denying the injunction. Thereafter upon some additional affidavits, a motion was made by petitioner for reargument. The learned court vacated the first order and granted the motion to enjoin the police commissioner. It would appear that in granting the injunction Special Term relied upon *Matter of O'Reilly* v. *Grumet* (308 N. Y. 351). We believe the cited case inapplicable here.

The answer denies all of the cogent allegations in the petition. No useful purpose will be served by detailing all the issues in dispute. Reference to a few will suffice. In addition to the vital question as to whether vacancies exist in the civil service position of captain in the police department, there is serious dispute with respect to the charge that petitioners are being compelled to perform work out of title, although under the rules of the department it is quite evident that patrol supervision is not alone the duty of the captain of a precinct but of lieutenants and sergeants as well. Moreover, the provisions in the civil service notices for examination for promotion to lieutenant specifically designate some of the duties to which petitioners have been assigned and, in addition, incorporate by reference the rules and regulations of the department, pursuant to which the commissioner contends he made some of the assignments objected to by petitioners.

If a permanent injunction is sustained before a full exploration of all the facts, it can only result in the abolition of the post of acting captain. Past experience has established that the title referred to has served a most salutary purpose in the department and has enabled the commissioner to assign certain lieutenants possessed of special qualifications to the performance of duties for which other lieutenants and even captains do not have the requisite training or experience. It requires no extended analysis to appreciate that

for effective law enforcement, the police department must utilize the special skills available, or to be developed, within its personnel if it is to adequately combat the use of modern weapons and methods by malefactors.

The effect of the decision at Special Term will be to shackle the commissioner in the administration of his vital and complex department. This, in the absence of a clear showing of a violation of the civil service requirements. The factual recitals are principally contained in affidavits verified by the attorneys and must be deemed to be largely hearsay. Before the drastic remedy of a permanent injunction is granted, there should be a trial to develop and determine the disputed facts (*Matter of Goldstein* v. *McNamara*, 276 App. Div. 1072; *Matter of Poucher* v. *Berry*, 249 N. Y. 16; Civ. Prac. Act, § 1295).

I am therefore constrained to dissent and to recommend a reversal of the order and to direct a trial of the issues.

Peck, P. J., Breitel, Valente and Bergan, JJ., concur in decision; Frank, J., dissents and votes to reverse and direct a trial of the issues in opinion.

Order modified so as to eliminate the words "permanently and pendente lite" from the last decretal paragraph of the order appealed from and, as so modified, affirmed, with $20 costs and disbursements to the respondents.