Arthur Gr. Klein, J.
Petitioners, all eligibles on their respective promotion lists for the position of Sergeant, Lieutenant and Captain, seek to restrain respondent Police Commissioner from continuing to assign police personnel to perform duties alleged by petitioners to constitute out-of-title work. Of over 250 men thus assigned, only a small percentage are eligible for promotion to the position, the duties of which they are allegedly now performing. Petitioners urge that a continuation of such procedure will serve to eliminate regular promotions and cause *766 promotions to be otherwise delayed or completely frustrated. Respondent Commissioner contends that since positions in the Police Department are in the “ ungraded ” salary class, the mere payment of an additional emolument to the men thus assigned does not constitute a promotion and that the designation of personnel to special assignments does not involve out-of-title work.
Petitioners ’ moving papers contain sufficient factual information, not controverted to the slightest degree, to indicate that in numerous instances the personnel thus assigned are, in fact, regularly performing the duties of higher positions with the attendant higher responsibilities of office. Nor is it disputed that the personnel formerly designated as “acting” Sergeants, Lieutenants and Captains are still performing the identical duties they previously performed but without benefit of the ‘1 acting ’ ’ title. Undisputed also is the fact, as petitioners allege, that there are presently in existence unfilled vacancies for the positions of Sergeant, Lieutenant and Captain, notwithstanding existing eligible lists therefor.
The rule has been most clearly enunciated in Matter of O’Reilly v. Grumet (308 N. Y. 351) and more recently in Matter of Clifford v. Police Comr. (152 N. Y. S. 2d 923, mod. 2 A D 2d 674) that civil service employees may not be regularly assigned to perform the duties of a higher civil service position without appointment to the title, grade and salary of such higher position.
Section 6 of article V of the Constitution of the State of New York provides in part that “ Appointments and promotions in the civil service * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive ’ ’.
Subdivision 2 of section 61 of the Civil Service Law (as amd. by L. 1958, eh. 790, eff. April 1,1959) provides: “ No person shall be appointed, promoted or employed under any title not appropriate to the duties to be performed and, except upon assignment by proper authority during the continuance of a temporary emergency situation, no person shall be assigned to perform the duties of any position unless he has been duly appointed, promoted, transferred or reinstated to such position in accordance with the provisions of this chapter and the rules prescribed thereunder. No credit shall be granted in a promotion examination for out-of-title work. ’ ’
In view of all of the foregoing there can remain no doubt as to the clear policy respecting promotion in the civil service; nor can there be any doubt that the acts complained of herein *767 are entirely inconsistent with the spirit and policy and intendment of the foregoing.
That respondent has abolished the ‘ ‘ acting ’ ’ titles heretofore existing is not enough — nor is it sufficient that he has, since the inception of the instant proceeding, sought to revise the duties of the positions of Sergeant, Lieutenant and Captain. His conduct in assigning on a regular, permanent basis, large numbers of personnel at an increase in salary and with the duties and responsibilities of higher civil service positions than those presently held by the men thus assigned, although not eligible for promotion thereto by placement on regularly established promotion lists is not at all in accord with the spirit and purpose of the above-cited authorities. The petition is granted.
Settle order on or before July 31,1959.