■ CITY OF NEWBURGH, Respondent, v MICHAEL POTTER et al., Appellants.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Peter C. Patsalos, J.), entered June 19, 1989 in Orange County, which, upon reargument, *inter alia,* granted plaintiff's cross motion for summary judgment and made a declaration in plaintiff's favor.

Article IV (A) of the collective bargaining agreement between plaintiff and the union representing nonsupervisory members of plaintiff's municipal fire department provided in pertinent part: "A member who is offered a temporary or acting higher level position and who is on a current Civil Service eligible list for such higher level position shall be required to accept and perform the duties of the higher level position when assigned by the Chief or the Chief's designee in the Chief's absence. In the event such employee refuses the assignment, the employee shall remove his name from the

Civil Service eligible list." Plaintiff brought this action against, *inter alia,* certain members of the bargaining unit covered by the contract (hereinafter defendants) for judgment declaring the contract provision valid, notwithstanding the prohibition of Civil Service Law § 61 (2) that: "except upon assignment by proper authority during the continuance of a temporary emergency situation, no person shall be assigned to perform the duties of any position unless he has been duly appointed, promoted, transferred or reinstated to such position". Supreme Court granted plaintiff's cross motion for summary judgment and made a declaration in plaintiff's favor. Defendants appeal.

We reverse. While specific statutory authority need not exist for all of the terms and conditions incorporated into a collective bargaining agreement, and the ability to bargain collectively with regard to terms and conditions is broad and generally unqualified, "the scope of such permitted and encouraged bargaining * * * is limited by plain and clear prohibitions found in statute or decisional law and may be further restricted by considerations of objectively demonstrable public policy" *(Matter of Union Free School Dist. No. 2 v Nyquist,* 38 NY2d 137, 143). Thus, "to the extent that [a provision of law] is imperative, it is beyond the power of the parties to alter or modify the statutory provision by collective bargaining, agreement to arbitrate or otherwise" *(supra,* at 144; *see, Matter of Town of Mamaroneck PBA v New York State Pub. Employment Relations Bd.,* 66 NY2d 722; *Matter of City of Plattsburgh [Local 788 & N. Y. Council 66],* 108 AD2d 1045, 1046). In our view, the subject contract provision is contrary to the clear imperative of Civil Service Law § 61 (2) *(see, Matter of Gates Keystone Club v Roche,* 106 AD2d 877; *Matter of Bensoul v New York City Dept. of Social Servs.,* 60 AD2d 817, 818). Moreover, in direct contrast to the cases relied upon by plaintiff, involving a waiver of individual constitutional rights incidental to a procedure for removal from employment *(see,* Civil Service Law §§ 75, 76; *Matter of Apuzzo v County of Ulster,* 98 AD2d 869, 871, *affd* 62 NY2d 960; *Dye v New York City Tr. Auth.,* 88 AD2d 899, *affd* 57 NY2d 917; *Antinore v State of New York,* 49 AD2d 6, 11, *affd* 40 NY2d 921), the instant case involves a right reflective of the public policy of the State that vacancies be filled by permanent appointments from eligible lists *(see, Matter of O'Reilly v Grumet,* 284 App Div 440, *affd* 308 NY 351; *Matter of Sheridan v Kennedy,* 19 Misc 2d 765, *affd* 10 AD2d 606, *affd* 8 NY2d 794; *Matter of Clifford v Police Commr. of City of N. Y.,* 152 NYS2d 923, *mod*

*on other grounds* 2 AD2d 674; *cf., Antinore v State of New York, supra).*

We conclude, therefore, that the subject contract provision is not valid as a waiver of statutory rights. It is not necessary to address defendants' argument that the provision contravenes NY Constitution, article V, § 6.

Judgment reversed, on the law, with costs, plaintiff's cross motion denied, defendants' motion granted, summary judgment awarded to defendants and it is hereby declared that article IV (A) of the collective bargaining agreement between plaintiff and Local 589, International Association of Firefighters, AFL-CIO, for the period January 1, 1988 to December 31, 1989, is void and of no force and effect. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.