■ RONALD G. EVANGELISTA, as President of the Rochester Police Locust Club, Inc., et al., Respondents, v ROY A. IRVING, as Chief of Police of the City of Rochester Police Department, et al., Appellants.—Judgment unanimously affirmed without costs. Memorandum: Petitioner, the exclusive bargaining representative for officers of the Rochester Police Department, commenced a CPLR article 78 proceeding to enjoin respondents, the City and the police department, from requiring officers to serve in out-of-title positions in nonemergency situations. Petitioner alleged that respondents' practice violates Civil Service Law § 61 (2). In their answer, respondents denied that officers are being assigned out of title, and alleged instead that officers are being "temporarily appointed" to higher ranks in conformity with section 64 of the Civil Service Law. The court ordered that respondents be "enjoined and restrained from requiring Captains, Lieutenants, Sergeants and Patrolmen to serve in out-of-title positions in nonemergency situations". The judgment does not state whether the article 78 petition was granted or denied, and makes no reference to respondents' contention that they are temporarily

appointing employees to higher rank, as permitted by section 64, rather than assigning them to perform out-of-title work, as prohibited by section 61.

Respondents have appealed, but concede that the court's order is proper insofar as it precludes them from requiring officers to serve in out-of-title positions in nonemergency situations. Moreover, respondents contend that their current practice of temporarily appointing officers to higher rank does not violate the Civil Service Law or contravene the court's order.

In affirming, we recognize that requiring employees to serve in out-of-title positions in nonemergency situations is prohibited by Civil Service Law § 61 (2). We note, however, that the record is not sufficiently developed for us to determine whether respondents' current practice of making temporary appointments is equivalent to their former practice of assigning work out of title. Additionally, the record is insufficient to allow us to determine whether respondents' current practice violates Civil Service Law § 61 (2) or the court's order, or whether, as respondents contend, it is permissible pursuant to Civil Service Law § 64. (Appeal from Judgment of Supreme Court, Monroe County, Rosenbloom, J.—Article 78.) Present—Doerr, J. P., Denman, Boomer, Green and Davis, JJ.