■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Appellants, v PILGRIM PSYCHIATRIC CENTER et al., Respondents. [614 NYS2d 182] —In a proceeding pursuant to CPLR article 78 to compel the respondents to cease and desist from assigning certain civil servants employed by the respondents at the Pilgrim Psychiatric Center to out-of-title work positions, the petitioners appeal from (1) a decision of the Supreme Court, Suffolk County (Jones, J.), dated December 24, 1991, which held that the petition was without merit, (2) an order of the same court (Newmark, J.), dated May 18, 1992, which denied the petitioners' motion to renew the merits of the petition, and (3) a judgment of the same court (Newmark, J.), entered June 1, 1992, which denied the petition and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order is dismissed, as no appeal lies of right from an intermediate order in a proceeding pursuant to CPLR article 78, and because no appeal lies

from an order denying renewal on a decision *(see, DeFalco v JRS Confectionary,* 118 AD2d 752); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

We find that the evidence submitted by the petitioners failed to meet the threshold requirements to establish a violation of the prohibition against out-of-title work. Therefore, the petitioners failed to establish a violation of the Civil Service Law § 61 (2) *(see, Matter of Sheridan v Kennedy,* 8 NY2d 794; *Matter of Gates Keystone Club v Roche,* 106 AD2d 877; *Matter of Clifford v Police Comm'r of City of N. Y.,* 2 AD2d 674).

We have examined the petitioners' remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Ritter and Friedmann, JJ., concur.