■ In the Matter of ERNEST MILLER, as President of Rochester Fire Fighters Association, IAFF Local 1071, et al., Respondents, v DAVID L. GRIFFITH, as Fire Chief of City of Rochester Fire Department, et al., Appellants. (Appeal No. 1.) [661 NYS2d

340] —Judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in granting the petition, which alleges that respondents engaged in the practice of assigning firefighters, including battalion chiefs, fire captains, and fire lieutenants, to serve in out-of-title positions in nonemergency situations while higher ranking officers are on vacation or personal leave, or are otherwise absent from duty. The petition further alleges that respondents' practice of assigning firefighters to out-of-title positions violates Civil Service Law § 61 (2) and NY Constitution, article V, § 6. Respondents acknowledge in their answer that they temporarily appointed firefighters to work in higher ranking positions when short-term absences arose in those positions, but contend that their practice is in accordance with Civil Service Law § 64 and the parties' collective bargaining agreement. Without conducting a hearing, the court concluded that respondents thereby violated Civil Service Law § 61 (2) and NY Constitution, article V, § 6, and granted a permanent injunction. We reverse.

Civil Service Law § 64 authorizes the temporary appointments of individuals to serve in civil service positions without examinations for no more than three months where the need is "urgent" and "important" (*see, Matter of Montero v Lum*, 68 NY2d 253, 258-259; *Evangelista v Irving*, 177 AD2d 1005, 1006). A civil service employer may not, however, assign firefighters "routinely, for long periods of time, or forever, by so-called temporary appointments" to the duties of higher ranking officers without appointing them to those positions and compensating them at the higher grade (*Matter of O'Reilly v Grumet*, 308 NY 351, 357). The record does not establish whether the temporary appointments were of more than three months' duration or a substitute for permanent appointments. Thus, we cannot determine as a matter of law whether those appointments violated Civil Service Law § 64 (*cf., Matter of O'Reilly v Grumet, supra,* at 354), or whether the appointments were "urgent" and "important" within the meaning of that section.

We therefore reverse the judgment and remit the matter to Supreme Court for a hearing and, if appropriate, discovery on the issue whether respondents' assignment of firefighters to serve temporarily at higher ranking positions constitutes a temporary appointment authorized by Civil Service Law § 64.

In light of our reversal, we also reverse the court's subsequent order finding respondents in violation of the judgment. (Appeal

from Judgment of Supreme Court, Monroe County, Bergin, J.—CPLR art 78.) Present—Lawton, J. P., Callahan, Doerr, Balio and Boehm, JJ.