In the Matter of ERNEST MILLER, as President of Rochester Fire Fighters Association, IAFF Local 1071, et al., Respondents, v DAVID L. GRIFFITH, as Fire Chief of Rochester Fire Department, et al., Appellants. [674 NYS2d 537] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly enjoined respondents from engaging in the practice of making temporary appointments of firefighters, including battalion chiefs, fire captains and fire lieutenants, to serve in out-of-title positions for higher ranking officers on scheduled furlough or cycle time, in violation of Civil Service Law § 64. The record establishes that, prior to 1996, respondents made such temporary appointments. It further establishes that respondents determined furlough and cycle time for a given year in the fall of the previous year. Because such scheduling is routine and nonurgent, the use of temporary appointments to fill those vacancies is not authorized by Civil Service Law § 64 (*see generally, Matter of O'Reilly v Grumet*, 284 App Div 440, *affd* 308 NY 351; *Matter of Gates Keystone Club v Roche*, 106 AD2d 877). Thus, the court properly enjoined that practice.

The court erred, however, in enjoining respondents from making temporary appointments of firefighters to serve in higher ranking positions to fill vacancies for reasons other than scheduled furlough or cycle time. Respondent David L. Griffith, Fire Chief of the Rochester Fire Department, testified that it was necessary that each fire company be under the direction of an officer. Although the Fire Department had four floating officers within each group to fill vacancies caused by scheduled and unscheduled absences, the record establishes that there are not always enough officers to provide an officer for each company. Testimony was adduced that, because of the constantly shifting personnel pattern, the Fire Department cannot predetermine whether enough officers are available for a given day. Under those circumstances, respondent Fire Chief did not abuse the discretion accorded to him under Civil Service Law § 64 in making temporary appointments of firefighters to serve in higher ranking positions because of unscheduled absences (*see,* Civil Service Law § 64; *Matter of Niagara Falls Fire Dept. Officers Assn. v Bowser*, 145 AD2d 907).

Thus, we modify the judgment by providing that respondents are enjoined only from engaging in the practice of temporarily appointing firefighters to serve in out-of-title positions for higher ranking officers on scheduled furlough or cycle time. To allow respondents an opportunity to comply in an orderly manner with the aforesaid injunction, we direct that its enforcement be stayed for 90 days from the date of service of a copy of the order of this Court with notice of entry. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—CPLR art 78.) Present—Green, J. P., Lawton, Wisner, Callahan and Boehm, JJ.