■ In the Matter of JAMES J. SHEEDY, Individually and as President of the New York State Public Employees Federation, AFL-CIO, on Behalf of WALTER BURDGE, Respondent, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Appellants. (Proceeding No. 1.) In the Matter of JAMES J. SHEEDY, Individually and as President of the New York State Public Employees Federation, AFL-CIO, on Behalf of KARIN MEICHT, Respondent, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Appellants. (Proceeding No. 2.) [675 NYS2d 693] —Peters, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered March 21, 1997 in Albany County, which granted petitioner's application, in a proceeding (No. 1) pursuant to CPLR article 78, to, *inter alia*, direct respondents to implement and comply with all provisions of a step 3 determination of respondent Governor's Office of Employee Relations in the grievance of Walter Burdge.

Appeal from a judgment of the Supreme Court (Bradley, J.), entered March 21, 1997 in Albany County, which granted petitioner's application, in a proceeding (No. 2) pursuant to CPLR article 78, to, *inter alia*, direct respondents to implement and comply with all provisions of the step 3 determination of respondent Governor's Office of Employee Relations in the grievance of Karin Meicht.

Walter Burdge, a correction counselor, and Karin Meicht, a nurse, were employed at Hudson Correctional Facility (hereinafter Hudson) in Columbia County.* Contending that they were required to do work outside of their job titles and, therefore, violative of their collective bargaining agreement (hereinafter the Agreement), they each filed a grievance with respondent Department of Correctional Services (hereinafter

---

* Burdge and Meicht (hereinafter collectively referred to as petitioners) were the named parties in grievances which were filed on behalf of four nurses and three correction counselors at such facility.

DOCS) which was ultimately denied. Thereafter, pursuant to article 17 of the Agreement, their appeals were directed to respondent Governor's Office of Employee Relations (hereinafter GOER) or its designee who, after receipt, was required to "promptly forward [them] to the Director of Classification and Compensation for a review and determination as to whether the duties at issue are out-of-title" (Agreement, art 17, § 17.3 [c]). Accordingly, the appeals were sent to Barry Lorch, who was the Director of the Division of Classification and Compensation for GOER.

Incorporating the report by Lorch that the clerical tasks assigned to petitioners constituted out-of-title work and recommending, *inter alia*, that DOCS be directed to cease and desist from assigning such work, Theodore Chrimes, as the designee of the Director of GOER, sustained the grievances and forwarded copies thereof to the Public Employees Federation (hereinafter PEF). Notwithstanding the apparent finality of these determinations, Chrimes thereafter wrote to Lorch explaining that although "these grievances were recently sustained by me on your recommendation", the proffer of new information by DOCS warrants a reinvestigation and reconsideration thereof. Upon such reconsideration, GOER reversed its previous determinations and denied the grievances.

Separate CPLR article 78 proceedings were then commenced alleging, *inter alia*, that respondents did not have the authority to reconsider these grievances after the issuance of the step 3 decisions pursuant to article 17 of the parties' Agreement. After issue was joined, Supreme Court, addressing both of these proceedings together, found that respondents waived their right to administrative reconsideration and that such waiver was not against public policy or in violation of law. Accordingly, Supreme Court determined that respondents' failure to implement the step 3 decisions was arbitrary, capricious and contrary to law and ordered, *inter alia*, that GOER's initial cease and desist orders be implemented. Respondents appeal and we affirm.

As the issue of whether the duties engaged in by petitioners constituted out-of-title work is not before us, we solely address whether DOCS forfeited its right to reconsideration of the step 3 determinations by its negotiation of the terms and conditions in the parties' Agreement. Upon our review, we find it clear that article 17 was designated as the exclusive means by which an out-of-title work grievance may be addressed by these parties. As here relevant, there exists a detailed incremental process which petitioners indisputably followed. Whereas prior

Agreements reveal that review concluded with the issuance of a step 3 determination, the Agreement between these parties contains one further step for review which provides, in relevant part, as follows: "After receipt of the Step 3 decision, PEF may, where it alleges additional facts or existence of a dispute of fact, within thirty (30) calendar days of the date of the decision, file an appeal with the Director of [GOER]. Such appeal shall include documentation to support the factual allegations. The appeal shall then be forwarded by the Director of [GOER] to the Director of Classification and Compensation for reconsideration. The Director of Classification and Compensation shall reconsider the matter and shall, within thirty (30) calendar days, forward an opinion to the Director of [GOER]" (Agreement, art 17, § 17.4 [d]). By creating an exclusive remedy for review of such grievances and by limiting further review only to PEF after the issuance of the step 3 decisions, we find it clear that respondents waived their right to reconsideration (see, Civil Service Law § 118 [2] [b]).

As " 'the scope of such permitted and encouraged bargaining * * * is limited by plain and clear prohibitions found in statute or decisional law and may be further restricted by considerations of objectively demonstrable public policy' " (*City of Newburgh v Potter*, 168 AD2d 779, 780, *lv denied* 78 NY2d 857, quoting *Matter of Union Free School Dist. No. 2 v Nyquist*, 38 NY2d 137, 143), not here demonstrated, this is the only fair and reasonable interpretation (*see, Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 9). Further, finding no abuse of discretion in Supreme Court's grant of the order of mandamus (*see, Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds*, 46 NY2d 488; *Matter of Associated Gen. Contrs. v Roberts*, 122 AD2d 406), we affirm.

Mikoll, J. P., Mercure, White and Carpinello, JJ., concur. Ordered that the judgments are affirmed, with costs.