Matter of Mazzeo v Ciminelli (2020 NY Slip Op 05335)





Matter of Mazzeo v Ciminelli


2020 NY Slip Op 05335


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


369 CA 19-01883

[*1]IN THE MATTER OF MICHAEL MAZZEO, AS PRESIDENT OF ROCHESTER POLICE LOCUST CLUB, INC., AND ROCHESTER POLICE LOCUST CLUB, INC., PETITIONERS-RESPONDENTS,
v
MICHAEL CIMINELLI, AS CHIEF OF POLICE OF ROCHESTER CITY POLICE DEPARTMENT, ROCHESTER CITY POLICE DEPARTMENT AND CITY OF ROCHESTER, RESPONDENTS-APPELLANTS. 






TIMOTHY R. CURTIN, CORPORATION COUNSEL, ROCHESTER (YVETTE CHANCELLOR GREEN OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
TREVETT CRISTO, ROCHESTER (DANIEL P. DEBOLT OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered April 9, 2019 in a proceeding pursuant to CPLR article 78. The judgment granted the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the second ordering paragraph and enjoining respondents from temporarily appointing lower ranking officers to serve in out-of-title positions for higher ranking officers during nonurgent and routine absences that are scheduled well in advance, such as vacations, for which coverage by higher ranking officers may be obtained, or in any other instance that would contravene Matter of Miller v Griffith (251 AD2d 1058, 1059 [4th Dept 1998]), and as modified the judgment is affirmed without costs.
Memorandum: Petitioner Rochester Police Locust Club, Inc. (Locust Club), the exclusive bargaining representative for police officers employed by respondent Rochester City Police Department (RPD), and Michael Mazzeo, the president of the Locust Club, commenced this CPLR article 78 proceeding seeking injunctive relief based on allegations that respondents were temporarily appointing lower ranked officers to perform out-of-title work, filling in for the regular, routine, and scheduled absences of higher ranking officers in violation of the Civil Service Law. Respondents appeal from a judgment that granted the petition and enjoined them from temporarily appointing lower ranking officers to serve in out-of-title positions for higher ranking officers unless such assignments or appointments complied with Evangelista v Irving (177 AD2d 1005, 1005 [4th Dept 1991]), and were explicitly permitted by Civil Service Law §§ 61 and 64. Although we conclude that Supreme Court properly granted the petition and determined that petitioners are entitled to injunctive relief, we nonetheless also conclude that the injunction granted by the court is overly broad. We therefore modify the judgment by vacating the second ordering paragraph and enjoining respondents from temporarily appointing lower ranking officers to serve in out-of-title positions for higher ranking officers during nonurgent and routine absences that are scheduled well in advance, such as vacations, for which coverage by higher ranking officers may timely be obtained, and in any other instance that would contravene our prior decision in Matter of Miller v Griffith (251 AD2d 1058, 1059 [4th Dept 1998]).
The parties correctly observe that the propriety of the challenged appointments must be evaluated under Civil Service Law
§ 64, which provides that there are limited circumstances under which temporary appointments [*2]may be made without examination, including, "for a period not exceeding three months when the need for such service is important and urgent " (§ 64 [1] [emphasis added]). To the extent that, in issuing the injunction, the court relied on Evangelista , which involved many of the same parties as here, that case is not applicable here inasmuch as it did not address Civil Service Law § 64, and instead was based largely on section 61 (see Evangelista , 177 AD2d at 1005).
When analyzing whether temporary appointments are appropriate under Civil Service Law § 64, this Court has held that, where "scheduling is routine and nonurgent, the use of temporary appointments to fill those vacancies is not authorized" (Miller , 251 AD2d at 1058). In Miller we concluded that, under section 64, temporary appointments cannot be used to fill vacancies caused by "furlough and cycle time" because such absences are scheduled well in advance and are therefore "routine and nonurgent" (id. ). We further concluded, however, that temporary appointments are permissible to fill vacancies caused by "unscheduled absences" (id. ).
Here, as in Miller , respondents made temporary appointments for absences due to vacations, despite the fact that those absences were scheduled well in advance. Thus, contrary to respondents' contention, we conclude that those temporary appointments were improper because absences that are scheduled well in advance do not result in an "important and urgent" need within the meaning of Civil Service Law § 64 to justify a temporary appointment (see Miller , 251 AD2d at 1058). We therefore conclude that the court did not err to the extent it granted the petition and enjoined respondents from making temporary appointments under such circumstances.
We further conclude, however, that respondents did not abuse their discretion in making the other temporary appointments at issue here and that the injunction is overly broad to the extent it precludes such appointments. Specifically, we note that respondents established that the other temporary appointees were paid the salary of the higher ranking positions to which they were appointed, the practice of making temporary appointments was not done to avoid making permanent appointments or to prevent officers from utilizing overtime, and those appointments were not for the type of regular and routine practice that is inconsistent with the Civil Service Law and the New York State Constitution (see Matter of O'Reilly v Grumet , 308 NY 351, 357 [1955]; Matter of Gates Keystone Club v Roche , 106 AD2d 877, 877 [4th Dept 1984]).
To the extent that specific reasoning for each and every temporary appointment was not provided by respondents, "[i]n the absence of a clear showing of an abuse of discretion [on the part of the employer] the court will assume that the need was 'important and urgent' sufficient to permit the use of a temporary appointment" (Halpin v Reile , 64 Misc 2d 1023, 1025 [Sup Ct, Herkimer County 1970]). Here, petitioners did not show, except with respect to the temporary appointments made for scheduled absences for vacations, that respondents' use of temporary appointments was not done to meet important and urgent needs. Thus, we conclude that the court erred to the extent the judgment broadly enjoined respondents from making all temporary appointments—not just those done in routine and nonurgent circumstances (see generally Miller , 251 AD2d at 1058-1059).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court