George M. Carney, J.
Petitioner’s letter of April 12, 1965 is treated as an application for reargument.
On May 20, 1964, a letter written by an attorney claiming to represent the Supreme and Surrogate’s Court Attaches Association and complaining of alleged out-of-title assignments of Deputy and Special Assistant Clerks was sent to the Administrative Justice of the Supreme Court of the First Department. Assuming that this letter constituted the expression of a grievance by these individual petitioners, from the date of receipt of that letter until the commencement of this proceeding on January 12, 1965, no further action was taken by petitioners. In the meantime, on October 1, 1964, article V of the Rules of the Administrative Board of the Judicial Conference of the State of New York became effective. Article V provides for a three-step method of processing grievances, with definite time periods set for disposition of same. Although, as noted, this article V became effective on October 1,1964, petitioners made no attempt to take advantage of this method of processing alleged grievances. In their petition [CPLR, art. 78], petitioners plead that they have exhausted all procedural remedies, yet now they claim that they had the option to take advantage of article V or not, as they saw fit. They therefore claim that the failure to take any further steps after the letter of May 20, 1964 does not bar the commencement of this proceeding. The letter of May 20, 1964 without further affirmative action did not exhaust peti *227 tioners ’ then existing remedies. No follow-up letter, no request for a hearing or interview was presented. Nor could this letter by any stretch of the imagination be a compliance with article V of the rules. It is my opinion that compliance with article V was a condition precedent to the commencement of this proceeding and that petitioners failed to comply therewith.
The claimed out-of-title assignments are not of themselves violative of any express statute (Cottrell v. Board of Educ., 181 Misc. 645, affd. 267 App. Div. 817, affd. 293 N. Y. 792). It is the continued assignment out of title as a matter of administrative policy that constitutes the violation. This is particularly true where, as here, the qualifications for the title held by petitioners are similar to and include the ability to perform the work of the higher title when called upon in an emergency to do so.
After full consideration, the application for reargument is denied.