■ JOHN HESSLINK et al., Appellants-Respondents, v DOUBLEDAY, DORAN & COMPANY, INC., et al., Respondents-Appellants. — Order unanimously affirmed, without costs. Memorandum: We affirm the order dismissing the complaint pursuant to CPLR 327 (inconvenient forum) for reasons stated at Special Term, Kane, J. In view of this determination, the appeals of certain of the defendants from denials of their motions to dismiss for lack of jurisdiction or because of the pendency of an action in Virginia are moot, and we do not reach the issues raised therein. (Appeals from order of Supreme Court, Erie County, Kane, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Green and Moule, JJ.

■ In the Matter of GATES KEYSTONE CLUB, Respondent, v THOMAS J. ROCHE, as Chief of Police of the Gates Police Department, et al., Appellants. — Judgment unanimously affirmed, with costs. Memorandum: Special Term properly enjoined respondents from requiring Town of Gates patrolmen to serve out of title as acting sergeants in nonemergency situations. The record shows that assignments were regularly made several days in advance when the sergeant assigned to a shift was scheduled for vacation, on personal leave or otherwise scheduled to be absent from his tour of duty. The practice of designating patrolmen to serve as acting sergeants in nonemergency situations not only violates the terms of the bargaining agreement but also is contrary to the rule that civil service employees may not be regularly assigned to perform the duties of a higher civil service position without appointment to the title, grade and salary of such higher position (see NY Const, art V, § 6; Civil Service Law, § 61, subd 2; *Matter of O'Reilly v Grumet,* 284 App Div 440, affd 308 NY 351; *Matter of Sheridan v Kennedy,* 19 Misc 2d 765, affd 10 AD2d 606, affd 8 NY2d 794). (Appeal from judgment of Supreme Court, Monroe County, Bergin, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Doerr, Green and Moule, JJ.