■ In the Matter of PATRICIA A. KUPPINGER et al., Respondents, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Appellants. [610 NYS2d 645] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Travers, J.), entered November 5, 1992 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Governor's Office of Employee Relations denying petitioner Patricia A. Kuppinger's out-of-title grievance.

Petitioner Patricia A. Kuppinger (hereinafter petitioner) holds the position classified as "Nurse II, Grade 16" at Buffalo Psychiatric Center in Erie County. She alleges that she has been regularly assigned to the position of lead supervisor, an in-house title established to provide for supervisory duties in the absence of a position classified as "Nurse Administrator I, Grade 20" who is charged with such duties. She alleges that she has been assigned as a lead supervisor on a regular basis and urges that such assignment constitutes out-of-title work in violation of Civil Service Law § 61 (2) in that a lead supervisor performs the duties of an employee holding a civil service title of a Nurse Administrator I. The Nurse Administrator I title is the next title in the direct civil service promotional line for a grade 16 Nurse II and calls for additional education requirements and practical experience. A Nurse Administrator I supervises Nurse IIs and directs nursing care for an entire unit or several wards. In accordance with the collective bargaining agreement, petitioner filed a grievance which was administratively denied at the final level and this CPLR article 78 proceeding followed. Supreme Court held that the assignment was out-of-title work and that Civil Service Law § 61 (2) permits such assignment only during the continuance of a temporary emergency situation which was not present here. This appeal by respondents ensued.

Respondents offer two alternate defenses to the petition. On the one hand, respondents urge that the regular duties of a Nurse II include the duties performed as a lead supervisor, and consequently that there is no out-of-title work in violation of Civil Service Law § 61 (2) and the parties' collective bargaining agreement. On the other hand, they concede that a Nurse II is actually doing the work of a Nurse Administrator I when performing the duties of lead supervisor, but argue that civil service has long followed the policy that a subordinate may substitute for an absent supervisor on an occasional basis and the assignment will not constitute out-of-title work.

They urge, as significant, that a lead supervisor does not perform all the long-range planning, training and hiring that is the differentiating quality of Nurse Administrator I status as opposed to Nurse II classification.

It is conceded that petitioner was assigned to fill in for an absent Nurse Administrator I when the assigned Nurse Administrator I had a scheduled vacation, pass-day, conference day or called in sick, and that she and other Nurse IIs were regularly called on to fill the lead supervisor role.

The issue is whether respondents have violated the Civil Service Law by the regular assignment on a nonemergency basis of a Nurse II to fill Nurse Administrator I duties. We conclude that neither Civil Service Law § 61 (2) nor the collective bargaining agreement permits a Nurse II to supervise other Nurse IIs or to supervise all of the nursing personnel throughout seven wards in an entire medical unit on a regular basis, as occurred here (see, Gates Keystone Club v Roche, 106 AD2d 877). It is obvious that respondents do not provide for substitute Nurse Administrator I personnel but utilize Nurse IIs for such purpose on a regular basis.

We deem the designation of an in-house category of lead supervisor especially significant. The assignment of petitioner to work as a lead supervisor was neither necessary because of emergency requirements nor was it an occasional, unplanned assignment.

Crew III, White and Yesawich Jr., JJ., concur.

Mercure, J. (dissenting). I dissent. I conclude that a rational basis existed for the determination of respondent Governor's Office of Employee Relations to deny the out-of-title grievance of petitioner Patricia A. Kuppinger (hereinafter petitioner) and would, accordingly, reverse Supreme Court's judgment, confirm the determination and dismiss the petition. As properly argued by respondents, Nurse II is itself a supervisory position and, in view of the considerable overlap of responsibilities between the two positions and the fact that the more significant responsibilities of a Nurse Administrator I need not be performed on a daily basis, the duties occasionally assumed by petitioner were reasonably related to or, at most, normal extensions of her position (see, Matter of Bertoldi v Rosenblatt, 167 AD2d 237, 238). Ordered that the judgment is affirmed, with costs.