■ In the Matter of MARY COLLINS et al., Appellants, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Respondents. [621 NYS2d 748] —Peters, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 28, 1993 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* review a determination of respondent Governor's Office of Employee Relations denying petitioners' out-of-title work grievance.

Petitioners are classified in the civil service Nurse II (psychiatric) title and are employed by respondent Western New York Children's Psychiatric Center (hereinafter CPC). According to the classification standard of the Department of Civil Service, a Nurse II "coordinates, directs and provides nursing care activities in a hospital ward, clinic or infirmary" and is "supervised by higher ranking nursing positions, usually a Nurse Administrator I, who directs, coordinates and evaluates the nursing service for a facility's medical services unit or for a group of wards".

Petitioners allege that since September 1991, they have been regularly assigned, in nonemergency situations, to cover

the duties of a Nurse Administrator I at CPC whenever a Nurse Administrator I calls in sick or has a scheduled vacation, pass day, conference day or holiday. As a result thereof, petitioners filed a grievance. The Office of Mental Health denied petitioners' grievance and petitioners thereafter submitted their grievance to respondent Governor's Office of Employee Relations (hereinafter GOER). GOER denied the grievance which was upheld by Supreme Court after initiation of this CPLR article 78 proceeding. Petitioners appeal.

Civil Service Law § 61 (2) provides that in cases other than a temporary emergency, "no person shall be assigned to perform the duties of any position unless he has been duly appointed, promoted, transferred or reinstated to such position in accordance with the provisions of this chapter and the rules prescribed thereunder" (see, Matter of Gates Keystone Club v Roche, 106 AD2d 877). Based upon the authority of Matter of Kuppinger v Governor's Off. of Empl. Relations (203 AD2d 664) and contrary to respondents' contentions that Civil Service Law § 61 (2) does not prohibit the assignments herein since they occurred on an irregular, short-term basis, we find that petitioners have been regularly assigned during the day and evening shifts between September 1991 and November 1992 to perform the duties of a Nurse Administrator I in violation of their collective bargaining agreement and Civil Service Law § 61 (2). The record reflects that these petitioners have performed the duties of a Nurse Administrator I no less than 210 times during such period and it is undisputed that the reasons for such coverage were for both scheduled and unscheduled time off, with the majority of such coverage scheduled in advance as a matter of administrative policy. We find that "[i]t is the continued assignment out of title as a matter of administrative policy that constitutes the violation" (Matter of Cherofsky v McCoy, 47 Misc 2d 226, 227, affd 25 AD2d 577, lv denied 18 NY2d 577; see, Matter of O'Reilly v Grumet, 308 NY 351).

We reject respondents' contentions that the size of the facility is a controlling factor and that it is only the assumption of the complete range of duties which is prohibited by Civil Service Law § 61 (2) (see, Matter of Kuppinger v Governor's Off. of Empl. Relations, supra). We further reject any contention that petitioners were not, in fact, performing the duties of a Nurse Administrator I due to the overlap of duties between the two positions when seen in the context presented here.

In rejecting all contentions that petitioners were taking on these duties on an irregular, short-term basis, we further note that it is settled that an agency must adhere to its own precedent when given similar facts or provide an explanation for its departure (see, Matter of Martin [Troy Publ. Co.—Roberts], 70 NY2d 679; Matter of Field Delivery Serv. [Roberts], 66 NY2d 516). As noted by the Court of Appeals, a rational explanation must be given at the agency level and cannot, therefore, be provided in response to a CPLR article 78 challenge (see, Montauk Improvement v Proccacino, 41 NY2d 913; see also, Matter of Central NY Coach Lines v Larocca, 120 AD2d 149). Hence, absent an explanation for the departure from the agency's own precedent, such decision will be deemed arbitrary and capricious, mandating annulment (see, Matter of Martin [Troy Publ. Co.—Roberts], supra; Matter of Field Delivery Serv. [Roberts], supra).

Here, in a decision dated January 6, 1989, GOER sustained the out-of-title work grievance filed on behalf of one of the petitioners herein, Laurel Watson, based upon her routine assignment to the duties of Nurse Administrator I. Our review of the GOER decision herein indicates that it did not articulate any explanation for its departure from its prior holding; hence, due to sufficient factual similarities between that grievance and the instant matter, we annul the instant determination as arbitrary and capricious (see, Matter of Lafayette Stor. & Moving Corp. [Hartnett], 77 NY2d 823, lv denied 83 NY2d 758; Matter of Martin [Troy Publ. Co.—Roberts], supra; Matter of Field Delivery Serv. [Roberts], supra; Matter of Paolucci v Capital Newspapers, 197 AD2d 811).

Accordingly, the decision of Supreme Court is reversed, and the determination by GOER annulled. This matter shall therefore be remitted to respondents for a redetermination consistent herewith and for an award of back pay for the out-of-title work performed by petitioners.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination annulled, petition granted and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.