In the Matter of POLICEMEN'S BENEVOLENT ASSOCIATION OF THE VILLAGE OF SPRING VALLEY, Respondent, v HOWARD GOLDIN, as Chief of Police of the Village of Spring Valley, et al., Appellants. [698 NYS2d 264] —In a proceeding pursuant to CPLR article 78 in the nature of prohibition to enjoin the appellants from requiring that patrolmen serve in the out-of-title position of officer-in-charge in nonemergency situations, the appeal is from a judgment of the Supreme Court, Rockland County (Meehan, J.), entered May 18, 1998, which granted the petition.

Ordered that the judgment is affirmed, with costs.

The petition alleged that the appellants continued a practice of assigning patrolmen to serve in the out-of-title position of acting-sergeant or officer-in-charge (hereinafter OIC). The petitioner, Policemen's Benevolent Association of the Village of Spring Valley (hereinafter the PBA), alleges, and the Village does not dispute, that whenever a Squad Sergeant is absent due to illness, vacation, or use of personal time, the senior officer on a particular tour or duty is assigned to work as an OIC.

Contrary to the appellants' contention, where, as here, the practice complained of is a continuing one and is in violation of the New York State Constitution, the right to relief will not be barred by the four-month Statute of Limitations (*see, Matter of Grossman v Rankin,* 43 NY2d 493; *Matter of Cash v Bates,* 301

NY 258; *Matter of Janke v Community School Bd.*, 186 AD2d 190, 193).

Furthermore, there is sufficient evidence that this practice constitutes a violation of Civil Service Law § 61 (2) (*see, Matter of Kuppinger v Governor's Off. of Empl. Relations*, 203 AD2d 664; *Matter of Gates Keystone Club v Roche*, 106 AD2d 877). Accordingly, the court properly granted the petition enjoining the appellants from assigning patrolmen to serve as an OIC in nonemergency situations.

The appellants' remaining contentions are without merit. S. Miller, J. P., Sullivan, Krausman and H. Miller, JJ., concur.