█ In the Matter of DUNCAN MACRAE, as President of Professional Fire Fighters Association, Inc., Local 274, I.A.F.F., AFL-CIO, et al., Appellants, v JOHN M. DOLCE, as Public Safety Commissioner of City of White Plains, et al., Respondents. [711 NYS2d 338] —In a hybrid proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from requiring the petitioners to perform out-of-title work, and an action for a judgment declaring that the respondents' policy of assigning fire fighters to perform the duties of fire lieutenants violates the New York Constitution, article V, § 6 and Civil Service Law § 61 (2), the petitioners appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered March 18, 1999, which dismissed the proceeding, and declared that the policy of "routinely * * * assigning * * * fire fighters to perform the duties of an 'Officer/Designated Fire Fighter' as described in the Manpower Accountability Standard Operating Procedure is proper and does not violate" New York Constitution, article V, § 6 or Civil Service Law § 61 (2).

Ordered that the judgment is reversed, on the law, with costs, and the petition is granted to the extent that the respondents are prohibited from routinely assigning fire fighters to perform the duties of fire lieutenant on a nonemergency basis, it is "ADJUDGED and DECLARED that the respondents' policy of routinely assigning fire fighters to perform the duties of fire lieutenant on a nonemergency basis is in violation of section 61 (2) of the Civil Service Law", and the proceeding is otherwise dismissed on the merits.

The promulgation, by the respondent John M. Dolce, of the "Manpower Accountability Standard Operating Procedure" (hereinafter MASOP), which created the title of "Officer/Designated Fire Fighter," violated Civil Service Law § 61 (2) to the extent that it authorized the routine, nonemergency imposition upon fire fighters of supervisory duties which are nowhere to be found in the job description applicable to that title, and to the extent that it required fire fighters to routinely perform supervisory functions clearly within the ambit of the job description applicable to fire lieutenants (see, *Matter of Kuppinger v Governor's Off. of Empl. Relations*, 203 AD2d 664).

The respondents' contention that the MASOP merely codified a long-standing practice of requiring motor and pump operators to perform certain of the duties of fire lieutenants is unavailing. Such routine temporary assignments improperly "harden to a pattern for permanently filling the positions" of fire lieutenant (*Matter of O'Reilly v Grumet,* 284 App Div 440, 445, *affd* 308 NY 351; *see also, Matter of Miller v Griffith,* 251 AD2d 1058; *Matter of Kuppinger v Governor's Off. of Empl. Relations, supra; Matter of Gates Keystone Club v Roche,* 106 AD2d 877). Equally without merit is the contention that the improper practice of requiring fire fighters to perform the supervisory duties of a fire lieutenant may be tolerated because the percentage of time devoted to such out-of-title work, relative to the overall time spent on the job by each fire fighter, is not great.

The parties' remaining contentions are either without merit or need not be reached in light of our determination. Bracken, J. P., Sullivan, Altman and Krausman, JJ., concur.