■ In the Matter of JAMES CARUSO, as President of the South Glens Falls Police Benevolent Association, Appellant, v MAYOR OF THE VILLAGE OF SOUTH GLENS FALLS et al., Respondents. [719 NYS2d 141] —Mugglin, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered April 26, 1999 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondents from assigning nonsupervisory personnel to out-of-title duties.

Prior to May 1997, the Police Department of respondent Village of South Glens Falls in Saratoga County consisted of a Chief of Police, a Sergeant, four full-time police officers and several part-time police officers. Supervisory duties with respect to the operation of the Police Department were shared by respondent Chief of Police and the Sergeant, each being on call as the supervisory officer on alternate weekends, and the Sergeant being the supervisory officer in charge when the Chief was on vacation, on a pass day or otherwise unavailable. Both the Chief and the Sergeant received additional training to facilitate execution of their supervisory duties. Since May 1997, due to his retirement, the Police Department has been without a Sergeant. As a result, when the Chief is on vacation, on a pass day or otherwise unavailable, supervisory responsibilities have fallen to the "senior officer on duty." The Police Department officers, through their union representative, informed the Village that the failure to appoint a Sergeant has resulted in a situation where overworked and understaffed officers are routinely unsupervised, that the "senior officer on duty" is untrained for supervisory responsibilities and that this practice is in violation of Civil Service Law § 61 (2).

As a direct result of the Village's failure to appoint a Sergeant, petitioner instituted this proceeding pursuant to CPLR article 78 seeking an order prohibiting respondents from violating the Civil Service Law by assigning police officers to exercise supervisory responsibility. Supreme Court dismissed the petition concluding, without explanation, that the statute was not violated. Petitioner now appeals.

Civil Service Law § 61 (2), in relevant part, provides as follows: "No person shall be appointed, promoted or employed under any title not appropriate to the duties to be performed and, except upon assignment by proper authority during continuance of a temporary emergency situation, no person shall

be assigned to perform duties of any position unless he has been duly appointed." Here, the record establishes that the Police Department has only a Chief, despite the fact that the Department procedure for notification of a supervisory officer defines such as a Sergeant or someone with a rank above Sergeant. According to the job descriptions in the record, a police officer is required to work under the general supervision of a Sergeant (or higher ranking officer) with "considerable independent responsibility for the exercise of independent judgment in emergency or other matters of a police nature." Only a Sergeant or Chief has supervisory responsibilities.

An out-of-title work assignment exists when an employee has been assigned or compelled to perform the duties of a higher grade, without a concomitant increase in pay, frequently, recurrently and for long periods of time, unrelated to any temporary emergency requirement (*see, O'Reilly v Grumet*, 308 NY 351, 355). Moreover, out-of-title work under the Civil Service Law has been established based upon a significant increase in supervisory responsibility (*see, Matter of Rausch v Pellegrini*, 237 AD2d 771; *Matter of Kuppinger v Governor's Off. of Empl. Relations*, 203 AD2d 664, 665), and where the employer engages in a regular practice of requiring officers to serve in the out-of-title positions of officer in charge whenever a Sergeant was absent, under nonemergency circumstances (*see, Matter of Policemen's Benevolent Assn. v Goldin*, 266 AD2d 294; *Matter of Gates Keystone Club v Roche*, 106 AD2d 877). Insofar as a violation of Civil Service Law § 61 (2) is concerned, we perceive no controlling distinction between an actual assignment to out-of-title work and a de facto assignment such as occurred here. Obviously, since May 1997, in the absence of the Chief, either the force is unsupervised or supervisory decisions must be made by one of the police officers who has not been trained and is not compensated as a supervisor. We conclude that this is a violation of the mandates of the statute.

Mercure, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted.