■ In the Matter of FRANCIS STEINBACH et al., Appellants, v LINDA ANGELLO, as Director of the Governor's Office of Employee Relations of the State of New York, et al., Respondents. [740 NYS2d 726] —Carpinello, J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered March 1, 2001 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review determinations of respondent Director of the Governor's Office of Employee Relations denying petitioners' out-of-title work grievances.

Petitioners are employed at separate state correctional facilities in the title of Correctional Facility Food Administrator I (hereinafter FFA I). Each claims that he has been totally responsible for management of the entire food service operation at his respective facility since the position of Correctional Facility Food Administrator II (hereinafter FFA II) was eliminated under a Department of Correctional Services' reorganization known as the "Quick Chill" program.[1] Under this program, petitioners assumed many of the duties of the now absent FFA II employees, but retained the same work title and pay grade. Following denial of their out-of-title grievances at the agency and administrative levels, they commenced this CPLR article 78 proceeding, which was dismissed by Supreme Court.

In *Matter of Rausch v Pellegrini* (237 AD2d 771), this Court had an opportunity to review nearly identical claims of an FFA I employed at Greene Correctional Facility in Greene County and determined that the extension of that petitioner's duties under the Quick Chill program following the departure of the FFA II position constituted out-of-title work. Understandably, petitioners claim that *Rausch* is controlling in this proceeding and mandates a finding that the administrative determinations denying their grievances were similarly arbitrary and capricious. Respondents, on the other hand, contend that *Rausch* is not dispositive because it was "based on a different

---

1. Specifically, petitioner Francis Steinbach claims that he has been performing FFA II duties at Washington Correctional Facility in Washington County since September 2, 1992; he filed an out-of-title grievance on July 1, 1998. Petitioner Jimmie Irizarry claims that he has been performing FFA II duties at Southport Correctional Facility in Chemung County since October 1, 1990; he filed an out-of-title grievance on June 10, 1998. Petitioner Mark Walker claims that he has been performing FFA II duties at Great Meadow Correctional Facility in Washington County since June 1, 1995; he filed an out-of-title grievance on May 19, 1998.

and more limited record"[2] and "did not decide the identical issue presented in this proceeding." We must agree with petitioners. Finding this case to be the twin of *Rausch*, and unpersuaded by respondents' attempt to distinguish this case from *Rausch* (particularly since the allegedly distinguishing reclassification of the FFA I job duties did not take place until two years after each petitioner filed his grievance), we are constrained to reverse Supreme Court's judgment and grant the petition (*see, Matter of Rausch v Pellegrini, supra; see also, Matter of Woodward v Governor's Off. of Empl. Relations*, 279 AD2d 725; *Matter of Caruso v Mayor of Vil. of S. Glens Falls*, 278 AD2d 608; *Matter of Kuppinger v Governor's Off. of Empl. Relations*, 203 AD2d 664; *cf., Matter of Curtiss v Angello*, 269 AD2d 675).

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, without costs, and petition granted.

---

2. There are essentially three "additions" to the subject administrative record relied upon by respondents as proof that this case is distinguishable from *Rausch*. First, they rely on the fact that the Director of Classification and Compensation for the Division of Civil Service apparently conducted another review of the FFA titles at all correctional facilities following our decision in *Rausch*, which culminated in a finding that the FFA I positions at the subject correctional facilities were properly classified. There is no indication, however, whether this review was conducted before petitioners filed their respective grievances, the record contains no details concerning the information garnered from this review and, notably, this alleged additional review is not specifically relied upon as a basis for denying the subject grievances in the final determinations. Respondents also rely on the fact that examination announcements posted in November 1994 and September 1999 state the primary duties and classifications for the positions of FFA I and FFA II. Notably, however, the November 1994 announcement was part of the administrative record in *Rausch* and relied upon, unsuccessfully, by the respondents as evidence that the determination at issue in that proceeding was "entirely reasonable." Finally, they point out that a tentative classification specification for the FFA I position was issued in April 2000 pursuant to which the duties now being challenged by petitioners were included within the job description of an FFA I. This latter event, however, was well after petitioners filed their respective grievances.