█ In the Matter of STEPHEN J. ASKEW, Appellant, v NEW
YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al.,
Respondents. [808 NYS2d 692]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Environmental Protection, dated January 27, 2003, which, inter alia, reduced the number of engineers at certain water pollution control plants, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Golia, J.), dated August 17, 2004, which granted the motion of the New York City Department of Environmental Protection and Christopher O. Ward pursuant to CPLR 3211 (a) (3) and (7) and CPLR 7804 (f) to dismiss the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner, in his capacity as the chairman of a union representing certain stationary electric engineers (hereinafter SEE's), commenced this proceeding, inter alia, to enjoin the New York City Department of Environmental Protection (hereinafter the DEP) from removing "SEE's from the dewatering facilities at Oakwood Beach, Bowery Bay, Jamaica, and Wards Island [sludge dewatering plants] on all off-shifts, and [replacing] the SEE's with" senior sewage treatment workers (hereinafter SSTW's). The petitioner alleged that the staffing changes (1) violated the State Environmental Quality and Review Act and the New York City Environmental Quality Review Act (hereinafter SEQRA/CEQR) since no environmental impact statement had been prepared, and (2) violated Civil Service Law § 61 (2) by requiring SSTW's to perform out-of-title work.

The respondents moved to dismiss the proceeding pursuant to CPLR 3211 (a) (3) and (7) and CPLR 7804 (f). The Supreme Court granted the motion and dismissed the proceeding, on the grounds that the petitioner lacked standing to assert the SEQRA/CEQR cause of action and that both the SEQRA/CEQR and the Civil Service Law causes of action were time-barred as similar staffing changes were made at other facilities in January 1996. The petitioner appeals.

The petitioner's allegations were insufficient to establish that the union members "(1) . . . will suffer an environmental 'injury that is in some way different from that of the public at large' and (2) that the alleged injury falls within the zone of interest sought to be protected or promoted" by SEQRA/CEQR (*Matter of Blue Lawn v County of Westchester*, 293 AD2d 532, 533 [2002], quoting *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-773 [1991]). Therefore, the Supreme Court properly determined that the petitioner lacked standing to assert a SEQRA/CEQR cause of action. Accordingly, this Court need not reach the question of whether that cause of action is time-barred.

The petitioner also claims that his allegations with respect to the SEQRA/CEQR cause of action were sufficient to assert a cause of action based upon an unsafe workplace. However, his allegations that the proposed staffing changes will result in an unsafe workplace were founded on pure speculation.

The Supreme Court dismissed the petitioner's cause of action pursuant to Civil Service Law § 61 (2) alleging that SSTW's are performing out-of-title work on the ground that the cause of action was time-barred. However, a cause of action alleging a violation of Civil Service Law § 61 (2) may involve a continuing wrong which is not time-barred on the ground that the practice is long-standing (*see Matter of Burke v Sugarman*, 35 NY2d 39, 45 [1974]; *Matter of Policemen's Benevolent Assn. of Vil. of Spring Val. v Goldin*, 266 AD2d 294 [1999]).

Nevertheless, we find that the petitioner's cause of action pursuant to Civil Service Law § 61 (2) alleging that SSTW's are performing out-of-title work was properly dismissed for reasons different from those asserted by the Supreme Court. The petitioner's union represents SEE's and does not represent SSTW's. The petitioner does not dispute the respondents' claim that no SEE's have been laid off or suffered any diminution in pay or benefits as a result of the staffing change. No loss of promotional opportunities for SEE's is alleged. Therefore, the petitioner lacked standing to assert a cause of action pursuant to Civil Service Law § 61 (2) (*see Society of Plastics Indus. v*

*County of Suffolk, supra; Murphy v County of Nassau*, NYLJ, Apr. 6, 1992, at 34, col 3 [Sup Ct, Nassau County, Segal, J.]; *see also Matter of MacRae v Dolce*, 273 AD2d 389 [2000]).

In view of the foregoing, the petitioner's remaining contentions need not be addressed. Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.