■ In the Matter of STEVEN KAUFMAN, Appellant, v TOWN OF NEW CASTLE, NEW YORK, Respondents. [985 NYS2d 121]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the New Castle Town Administrator, dated May 25, 2010, denying the petitioner's request for, inter alia, the issuance of an official New Castle Police retirement identification card, the petitioner appeals from an order of the Supreme Court, Westchester County (Adler, J.), dated April 5,

2013, which granted that branch of the respondents' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the petition as time-barred.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The four-month statute of limitations for proceedings commenced pursuant to CPLR article 78 begins to run when "the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). "An administrative determination becomes 'final and binding' when the petitioner seeking review has been aggrieved by it" (*Matter of Yarbough v Franco*, 95 NY2d 342, 346 [2000]; *see Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole*, 95 NY2d 267, 270 [2000]; *Matter of Bashir v Environmental Control Bd.*, 113 AD3d 763 [2014]; *Matter of Caslin v Nassau County Civ. Serv. Commn.*, 104 AD3d 684, 684 [2013]). The determination is considered final if it is definitive and causes an actual, concrete injury to the aggrieved party (*see Stop-The-Barge v Cahill*, 1 NY3d 218, 223 [2003]; *Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998]; *Matter of Jones v Amicone*, 27 AD3d 465, 468 [2006]).

Here, the petitioner submitted a request in May 2010 to the Town of New Castle for, inter alia, a retirement identification card and a letter stating that he had been in good standing at the time he retired from the Town's police department. The Town issued its final determination with respect to that request when its then-administrator informed the petitioner, by letter dated May 25, 2010, that his request was denied. The petitioner did not commence this proceeding to, in effect, challenge the Town's determination until June 2012, well beyond the applicable four-month statute of limitations. As a result, the proceeding was time-barred (*see* CPLR 217 [1]; *Matter of McHenry v Bittner*, 70 AD3d 699, 700 [2010]).

Contrary to the petitioner's contention, the Town's determination was not so ambiguous that the statute of limitations was tolled (*see Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]; *cf. Matter of Chaban v Board of Educ. of City of N.Y.*, 201 AD2d 646, 648 [1994]). Nor did the petitioner present any evidence in support of a cause of action alleging a continuing improper practice which would prevent the statute of limitations from accruing (*cf. Matter of Askew v New York City Dept. of Envtl. Protection*, 24 AD3d 544, 545 [2005]; *Matter of DeCintio v Cohalan*, 18 AD3d 872, 873 [2005]; *Matter of Policemen's Be-*

*nevolent Assn. of Vil. of Spring Val. v Goldin*, 266 AD2d 294, 294 [1999]).

Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the petition as time-barred. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.