| New York City Clerical Admin. Empls., Local 1549, AFSCME v City of New York |
|---|
| 2026 NY Slip Op 30821(U) |
| March 6, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 153819/2021 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**  **HON. JUDY H. KIM**

*Justice*

| | |
|---|---|
| **PART** | **04** |

-------------------------------------------------------------------------------X

NEW YORK CITY CLERICAL ADMINISTRATIVE
EMPLOYEES, LOCAL 1549, AFSCME, EDDIE
RODRIGUEZ, AS PRESIDENT OF NEW YORK CITY
CLERICAL ADMINISTRATIVE EMPLOYEES, LOCAL 1549,
AFSCME,

Petitioners,

- v -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF CITYWIDE ADMINISTRATIVE
SERVICES, THE NEW YORK CITY POLICE
DEPARTMENT, THE NEW YORK CITY DEPARTMENT OF
TRANSPORTATION, THE NEW YORK CITY
DEPARTMENT OF SANITATION, THE NEW YORK CITY
DEPARTMENT OF CORRECTION, THE NEW YORK CITY
LAW DEPARTMENT, THE NEW YORK CITY HEALTH AND
HOSPITALS, THE NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION, THE NEW YORK CITY
DEPARTMENT OF CONSUMER AND WORKER
PROTECTION, THE NEW YORK CITY HUMAN
RESOURCES ADMINISTRATION, THE NEW YORK CITY
DEPARTMENT OF BUILDINGS, THE NEW YORK CITY
TAXI AND LIMOUSINE COMMISSION, THE NEW YORK
CITY CIVILIAN COMPLAINT REVIEW BOARD, THE NEW
YORK CITY DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, THE NEW YORK CITY DEPARTMENT OF
PARKS AND RECREATION, THE NEW YORK CITY
DEPARTMENT OF INVESTIGATION, THE NEW YORK
CITY OFFICE OF ADMINISTRATIVE TRIALS AND
HEARINGS, NEW YORK CITY GOVERNMENTAL
AGENCIES 1-42,

Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153819/2021 |
| **MOTION DATE** | 06/28/2024 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74

were read on this motion to/for _____ REARGUE _____.

Upon the foregoing documents, respondent's motion to reargue is denied.

153819/2021   NEW YORK CITY CLERICAL vs. CITY OF NEW YORK
Motion No.  003

Page 1 of 4

[* 1]

Petitioner New York City Clerical Administrative Employees, Local 1549, AFSCME (the "Union") is the "certified bargaining representative for all employees of Respondents who hold […] competitive civil service titles" pursuant to the New York City Collective Bargaining Law §12-302. The Union and its president commenced this special proceeding asserting that respondents, the City of New York (the "City") and various City agencies, violated Civil Service Law §61 and Article V, section 6 of the New York State Constitution by deliberately assigning duties and responsibilities that belong exclusively to the Union's members to individuals who were not qualified to perform such work, causing the Union's members to lose opportunities for special assignments, overtime and bonuses, leading to a reduction in the Union's membership and union dues (NYSCEF Doc No. 1, Petition at ¶¶1-3).

Respondents cross-moved to dismiss the petition, arguing that: the petition was time-barred pursuant to CPLR 217; petitioners lacked standing; and petitioners failed to exhaust contractual remedies per their collective bargaining agreement with the City. Respondent's motion was denied in the decision and order of Justice Frank P. Nervo dated July 28, 2022 (NYSCEF Doc No. 55) Respondent now moves to reargue that decision.

A motion to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion …" (CPLR § 2221[d][2]). "Reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided … or to present arguments different from those originally asserted" (*Setters v AI Properties and Developments (USA) Corp.*, 139 AD3d 492, 492 [1st Dept 2016] [internal citations and quotations omitted]). As a threshold matter, the Court disagrees that the Prior Decision overlooked any argument by respondents. Rather, the denial of that motion rejected, explicitly or implicitly, each of respondents' arguments (*see Rivera v JP Morgan Chase & Co.*,

153819/2021   NEW YORK CITY CLERICAL vs. CITY OF NEW YORK          Page 2 of 4
  Motion No.  003

2 of 4

2022 NY Slip Op 32047[U], 6-7 [Sup Ct, NY County 2022]). Accordingly, the motion is denied on that basis.

Even if the Court were to grant reargument, it would adhere to the Prior Decision. "Contrary to the [respondents'] contention, where, as here, the practice complained of is a continuing one and is in violation of the New York State Constitution, the right to relief will not be barred by the four-month Statute of Limitations" (*Matter of Policemen's Benevolent Ass'n of Vil. of Spring Val. v Goldin*, 266 AD2d 294, 294-95 [2d Dept 1999] [internal citations omitted]). Moreover, petitioners have standing to maintain this proceeding, given the petition's allegations that the improper assignment of clerical work to non-Union members caused the Union's members to lose opportunities for special assignments, overtime and bonuses, leading to a drop in Union membership and union dues (*see Patrolman's Benev. Ass'n of Southampton Town, Inc. v Town of Southampton and Southampton Police Dept.*, 2009 NY Slip Op 32660[U] [Sup Ct, Suffolk County 2009] ["Petitioner has standing to maintain this proceeding since individual members may have suffered injury-in-fact based upon claimed violations of Civil Service Law and the New York State Constitution and since the claimed injury falls within the zone of interests protected by the statute and the Constitution"]; *cf. Matter of Askew v New York City Dept. of Envtl. Protection*, 24 AD3d 544, 545-46 [2d Dept 2005] [petitioner representing stationary electrical engineers lacked standing to assert claim under Civil Service Law §61(2) based on allegations that senior sewage treatment workers were improperly performing certain work instead of electric engineers where petitioner did not dispute that electric engineers were not laid off and suffer loss of pay or benefits or promotional opportunities as a result of staffing change]). Finally, respondents did not demonstrate that petitioners failed to exhaust their administrative remedies, because the "claims that respondents violated a state statute […] and the New York Constitution […] are not subject to the

153819/2021   NEW YORK CITY CLERICAL vs. CITY OF NEW YORK        Page 3 of 4
   Motion No.  003

3 of 4

binding arbitration provisions" cited here (*Patrolman's Benev. Ass'n of Southampton Town, Inc. v Town of Southampton and Southampton Police Dept.*, 2009 NY Slip Op 32660[U] [Sup Ct, Suffolk County 2009]; *see also Matter of Macrae v Dolce*, 249 AD2d 476, 477-78 [2d Dept 1998] [petitioners' claim that respondents regularly assigned fire fighters to perform duties of fire lieutenants was "outside the scope of the grievance procedure delineated in the collective bargaining agreement"]).

In light of the foregoing, it is

**ORDERED** that respondents' motion to reargue is denied.

This constitutes the decision and order of the Court.

|  |  |
|---|---|
| **3/6/2026** | |
| **DATE** | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

153819/2021   NEW YORK CITY CLERICAL vs. CITY OF NEW YORK
Motion No.  003

Page 4 of 4

[* 4]